IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02164-CMA-MJW

PATRICK COLLINS, INC.,

Plaintiff,

v.

DOES 1-15,

Defendant(s).

---

**ORDER REGARDING
DEFENDANT DOE #5's MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 31)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Doe #5's Motion for Protective Order (docket no. 31). The court has reviewed the motion and the response (docket no. 39) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to

2

be heard;

4. That Fed. R. Civ. P. 26(c) provides that for "good cause" shown the court may enter an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. It is the Defendant's burden to establish sufficient "good cause." <u>Nestle Foods Corp. v. Aetna Cas. & Surety Co.</u>, 129 F.R.D. 483, 484 (D.N.J. 1990); <u>United States v. Hooker Chems. & Plastics Corp.</u>, 90 F.R.D. 421, 425 (W.D.N.Y 1981);

5. That courts must be vigilant to ensure that its processes are not used improperly for purposes unrelated to their role. See <u>American Family Mut. Ins. Co. v. Minor</u>, 2007 WL 4365694, * 1 (D. Colo. Dec. 10, 2007). Last, the decision to issue a protective order rests within the sound discretion of the trial court. <u>Wang v. Hsu</u>, 919 F.2d 130, 130 (10th Cir. 1990);

6. That discovery in this case should be limited to this litigation only and for no other purpose; and

7. That "good cause" has been shown by Defendant Doe #5, and in the court's discretion, a protective order should issue that restricts access to confidential information that Comcast is producing to Plaintiff in response to Plaintiff's October 31, 2011, subpoena concerning Defendant Doe #5 at this stage of the litigation.

## ORDER

**WHEREFORE,** based upon these findings of fact and conclusions of law, this

3

court **ORDERS**:

1. That Defendant Doe #5's Motion for Protective Order (docket no. 31) is **GRANTED**;

2. That if any party seeks to file with the court any confidential information that Comcast is producing to Plaintiff in response to Plaintiff's October 31, 2011, subpoena concerning Defendant Doe #5, such party shall first comply with D.C.COLO.LCivR 7.2; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of January 2012.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE